IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ADAM SLATTERY,

      Petitioner,

      v.                                     CASE NO. 21-3099-SAC

AMY REYES, Sheriff,

      Respondent.

## MEMORANDUM AND ORDER

This matter is a *pro se* petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. The Court has conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  For the reasons that follow, the Court finds this matter must be dismissed for lack of jurisdiction.

**Background**

On March 12, 2019, Petitioner was convicted of third-degree aggravated extortion, false report of explosives, resisting arrest and harassment in the Lake County (Colorado) District Court. *See Slattery v. Barnes*, No. 19-cv-2513 (D. Colo. Dec. 11, 2019) (ECF No. 24, at 3).  Before sentencing, the district court ordered a competency evaluation.  He was found to be incompetent to proceed with sentencing and committed for in-patient restoration to competence.  In November of 2019, Petitioner was released on bond.  It appears Petitioner was sentenced in March of 2020, and he is appealing his convictions and sentence in the Colorado state courts.  *See* Petition, ECF No. 1, at 2, 6.

Petitioner alleges he is now residing within the District of Kansas.  *See* Petition, ECF No. 1, at 2.  However, he remains on probation for the Colorado convictions, and he claims the Lake County District Court recently issued a "secret" arrest warrant for him, apparently for violating the terms of his probation.  *Id*. at 4-5.

1

**Petition**

Mr. Slattery asks the Court to "vacate a Colorado State Court judgement and sentence that was obtained in Violation of the US Constitution and Federal Laws of the United States." *Id.* at 2.

**Discussion**

This Court is not the appropriate court to consider Slattery's Petition. A district court issuing a writ of habeas corpus must have jurisdiction over the petitioner's custodian. *See Braden v. 30th Judicial Circuit Ct. of Ky.,* 410 U.S. 484, 495 (1973). To have jurisdiction, the custodian of the petitioner must be within the territorial boundaries of the district court to which the application is made. *See Portley–El v. Figueroa,* 373 F. App'x 883, 885 (10th Cir. 2010) (dismissing § 2241 petition filed in Oklahoma for lack of personal jurisdiction over petitioner's custodian, who was outside the territorial jurisdiction of the federal district court); *Kelso v. Luna,* 317 F. App'x 846, 847 (10th Cir. 2009) (dismissing § 2254 petition filed in Oklahoma for lack of personal jurisdiction over petitioner's custodian, who was executive director of California state hospital where petitioner was civilly confined).

Petitioner states he is on probation pursuant to the Colorado convictions. Where, as here, a state petitioner is on probation and is challenging his custody under a state court judgment, his custodian for purposes of a habeas petition is his probation officer or "the official in charge of the parole or probation agency, or the state correctional agency, as appropriate." Adv. Comm. Notes to Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner refers to his probation officer as a "Colorado State probation officer[]." Petition, ECF No. 1, at 5. Petitioner's custodian is not within the territorial boundaries of this Court. Therefore,

Petitioner must challenge the legality of his Colorado convictions and sentence in the United States District Court for the District of Colorado.

Pursuant to 28 U.S.C. § 1631, if a court "finds that there is a want of jurisdiction," it must transfer the action to "any other such court in which the action or appeal could have been brought at the time it was filed or noticed," but only if doing so "is in the interest of justice." Similarly, the federal venue statute, 28 U.S.C. § 1406(a), grants the court discretion to transfer a case "to any district or division where it could have been brought" if it be "in the interest of justice."

To determine whether a transfer is warranted under 28 U.S.C. § 1631, "a court is authorized to consider the consequences of a transfer by taking a peek at the merits to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed." *Haugh v. Booker,* 210 F.3d 1147, 1150 (10th Cir. 2000) (internal quotation marks omitted). The Court has briefly reviewed the merits and finds that a transfer is not in the interest of justice.

A petitioner seeking federal habeas relief must first exhaust available state court remedies. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (a habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254); *Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002); *Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981). To satisfy the exhaustion prerequisite, Petitioner must have presented the same issues raised here to the highest state court, either by way of direct appeal or by state post-conviction motion. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). The petitioner bears the burden of showing he has exhausted available state remedies. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *see also Parkhurst v. Pacheco*, 809 F. App'x 556, 557 (10th Cir. 2020); *Fuller v. Baird*, 306 F. App'x 430, 431 n.3 (10th Cir. 2009) (unpublished).

Petitioner states he is in the process of appealing his Colorado convictions in the Colorado state courts.  Thus, he has not met the exhaustion requirement, and his Petition is subject to dismissal without prejudice to his filing another federal petition in the District of Colorado if necessary once Petitioner's state remedies have been fully exhausted.

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability ("COA") upon entering a final adverse order.  A COA may issue only if the petitioner made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The failure to satisfy either prong requires the denial of a COA.  *Id*. at 485.  The Court finds nothing in the present record that suggests its ruling is debatable or an incorrect application of the law and therefore declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is dismissed without prejudice.

**IT IS FURTHER ORDERED** that no certificate of appealability will issue.

**IT IS SO ORDERED**.

**Dated April 23, 2021, in Topeka, Kansas.**


**s/  Sam A. Crow**
**Sam A. Crow**
**U.S. Senior District Judge**